UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONOVAN GRANT,<br><br>                    Movant,<br><br>       -against-<br><br>UNITED STATES OF AMERICA,<br><br>                  Respondent. | 23-CV-5592 (AKH)<br><br>21-CR-0655 (AKH)<br><br>**<u>ORDER DENYING MOTION<br>TO VACATE SENTENCE</u>** |

ALVIN K. HELLERSTEIN, United States District Judge:

Petitioner Donovan Grant petitions for relief from his conviction and sentence of March 8, 2022 under 28 U.S.C. § 2255. Grant argues that his judgment of conviction should be vacated because of ineffective assistance of his counsel in two respects: failing to advise him that the statute of limitations had expired and failing to object to the recommendation in the pre-sentence investigative report that "first degree murder was the most analogous federal offense" for purpose of Guidelines calculations. ECF No. 45. The petition is denied. Its lack of merit is clear; "it appears from the application that the applicant . . . is not entitled to [the writ]." 28 U.S.C. § 2243. There is no need to require the government to respond.

## BACKGROUND

Grant pleaded guilty to an Information on August 26, 2022 to an armed Hobbs Act robbery that he had committed on January 23, 2014. He was sentenced, among other punishments, to 240 months custody, the statutory maximum but within the Guidelines range of 292 to 365 months. Grant pleaded guilty to robbing a stash house to steal 25 pounds of

marijuana and, with a loaded firearm that he had brought with him, intentionally shooting and killing the owner of the marijuana. Grant's plan was to exchange a bag of counterfeit money for the marijuana and, if the plan failed, take the marijuana under threat of death from a loaded and brandished firearm. When the victim became aware of the ruse and came at him, Grant shot him in the right leg and in the face, killing him and running off with the marijuana. The victim was found in his apartment the next day, January 24, 2014.

Grant was arrested in Atlanta, Georgia on November 9, 2021, and arraigned in this District on December 15, 2021. He pleaded guilty to an Information that reduced the charged crime from murder in his indictment (18 U.S.C. § 1111), to Hobbs Act robbery in his Information (18 U.S.C. § 1951). The effect was to reduce the punishment to which he was exposed, from imprisonment for life or death, to imprisonment for 20 years. He expressed satisfaction in his plea allocution with the services of his attorney and conceded that he was waiving a statute of limitations defense. See ECF No. 29 at 9, 22–23.

## DISCUSSION

The crime alleged in Grant's indictment, murder, had no statute of limitations. 18 U.S.C. § 3281. A murder in the perpetration of a robbery is punishable by death or, if a death sentence is not requested, life imprisonment. 18 U.S.C. § 1111. It is a Class A felony. 18 U.S.C. §3559 (a)(1). A crime punishable by death is not subject to a statute of limitations. 18 U.S.C. § 3281. The standard five-year statute of limitations, 18 U.S.C. § 3282(a), is not applicable, by the terms of the statute, since the crime of murder is "otherwise expressly provided by law" in 18 U.S.C. § 3281.

Grant waived the benefit of the five-year statute in order to gain the benefit of a reduced charge, from murder to Hobbs Act robbery, and its 20-year maximum penalty. He could not have gained the benefit of the reduced charge without waiving the statute of limitations, and he did so explicitly in his plea agreement and again in his allocution. ECF No. 29 at 22–23. Grant's argument, that his counsel gave him a constitutionally inadequate defense, is without merit.

The Sentencing Guidelines are clear that a Hobbs Act robbery, 18 U.S.C. § 1951, accomplished by killing the owner of the property, is punishable at base offense level 43. U.S.S.G. § 2A1.1. The Guidelines for robbery provide that § 2A1.1 is to be applied "if a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111." U.S.S.G. § 2B2.1.C. Murder in the first degree under 18 U.S.C. § 1111(a) is "[e]very murder . . . committed in the perpetration of . . . burglary, or robbery." "Any other murder is murder in the second degree." *Id.* And, "whoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life." 18 U.S.C. § 1111(b). Hence, U.S.S.G. § 2A1.1 is the appropriate Guideline, and that provides a base level of 43.

After deducting for acceptance of responsibility and a criminal history of one (notwithstanding prior crimes of gun-possession and assault with a knife), the resulting custodial level of recommended punishment is 292 to 365 months, reduced to 240 months, the statutory ceiling for robbery. 18 U.S.C. §§ 1951, 924(j)(1), (2). Grant's argument, that counsel was inadequate because he did not object to the Guidelines calculation, or argue for Guidelines that

3

would apply for murder in the second degree, as manslaughter, is without merit. An objection would not have changed the calculation.

By pleading guilty to the Information, the defendant gained the benefit of a reduced charge, from murder alleged in the indictment to a Hobbs Act robbery alleged in the Information, from punishment by life imprisonment or death (if the government requested the death penalty), to 20 years maximum. Even for a 61-year-old defendant, a 20-year maximum penalty is preferable to the potential sentence of life imprisonment or death.

Defense counsel, instead of making fruitless objections, negotiated a reduced charge and presented a 17-page detailed narrative of defendant's background in poverty, with absent and abusive parents and shifting households, and with education from the Street rather than from school. See ECF 38. Counsel attached an expert's mitigation report and numerous letters from family. Counsel —experienced and able counsel — made a cogent plea that their client should be spared the indicated sentence and sentenced below the statutory maximum.

There is no reason to doubt that defendant made strategic calls, with the advice and negotiating help of able counsel. Strategic calls cannot be transformed into constitutionally inadequate representations. Defendant's § 2255 petition is denied. Since Defendant has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will be issued. 28 U.S.C. § 2253(c).

## CONCLUSION

For the reasons stated herein, the motion is denied.  The clerk is instructed to

terminate ECF No. 45.


SO ORDERED.

Dated:    August 10, 2023
          New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge